IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DONALD BATEMAN, BRIAN CALES,
WILLIS MARION FOWLER III,
CALVIN STOKER, STEVEN TRUITT,
PAUL WARD, JR., and JOE EDDIE COZART          PLAINTIFFS

vs.                Case No. 6:11-cv-708

FRAC TECH SERVICES, LLC                        DEFENDANT

## PLAINTIFFS' FIRST AMENDED AND SUBSTITUTED COMPLAINT

COME now Plaintiffs Donald Bateman, Brian Cales, Willis Marion Fowler, III, Calvin Stoker, Steven Truitt, Paul Ward, Jr., and Joe Eddie Cozart, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint against Defendant Frac Tech Services, LLC (hereinafter "Frac Tech"), do hereby state and allege as follows:

## I.

## INTRODUCTION, JURISDICTION AND VENUE

1. Plaintiffs seek an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*.

2. Jurisdiction of this action is conferred on the Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Many of the plaintiffs in this case worked out of Defendant's Longview

yard/office.

4. Venue lies within the district, pursuant to 28 U.S.C. § 1391.

5. At all times material herein, Plaintiffs were entitled to the rights, protections and benefits provided under the Fair Labor Standards Act (hereafter "FLSA") as amended, 29 U.S.C. § 201, *et seq.*

6. This case is quite similar to an FLSA misclassfication case that was heard before the Honorable Chief Judge Leon Holmes in the Eastern District of Arkansas, styled as *David Smith, et al. v. Frac Tech Services, Ltd.*, case number 4:09-cv-00679.

## II.

## THE PARTIES

### A. DEFENDANT

7. Defendant Frac Tech Services, LLC, is a limited liability company and is or was the successor in interest to the entity that was Plaintiffs' employer during all relevant time periods.

8. Frac Tech is headquartered in Cisco, Texas, at 16858 IH20.

9. Frac Tech was formerly known as Frac Tech Services, Ltd., during much of the time relevant to the allegations herein.

10. It is unclear to Plaintiffs at this time the legal identity of the current successor in interest to the company that employed them, namely Frac Tech Services, Ltd., but they take the position that the appropriate party is receiving notice of the claims asserted herein.

11. Likewise and/or in the alternative, Plaintiffs should be given ample leave to identify the correct entity, and any subsequent amendment hereof should relate back to the filing

of this Complaint.

## B. PLAINTIFFS

12. Each Plaintiff herein is presently and/or was, at some time within three years of the filing of this complaint, a salaried employee serving Frac Tech in one or more of a variety of positions.

13. At all times relevant to this Complaint, each Plaintiff was improperly classified as a salaried employee, but in reality each was non-exempt from the overtime requirements of the Fair Labor Standards Act.

14. Each Plaintiff was made to work far in excess of forty (40) hours per week, sometimes even as many as 120 or more hours in a week; however, each was paid for only forty (40) hours each week.

15. Service Supervisor Plaintiffs are those who were so titled and employed by Defendant, but whose actual day-to-day job duties and responsibilities were not exempt under FLSA with respect to payment for time worked in excess of forty (40) hours each week.

16. Field Engineer Plaintiffs are those who were so titled and employed by Defendant, but whose actual day-to-day job duties and responsibilities were not exempt under the Fair Labor Standards Act with respect to payment for time worked in excess of forty (40) hours each week.

### i. SERVICE SUPERVISOR PLAINTIFFS

17. Plaintiff Brian Cales is a resident and citizen of Howard, Ohio. He was hired by Defendant Frac Tech in June of 2007 as a Service Supervisor and held that position until his employment with Frac Tech ended on July 1, 2010.

18. Plaintiff Paul Ward is a resident and citizen of Galveston County, Texas. He was hired by Defendant Frac Tech in 2008 as a Service Supervisor and held that position until his employment with Frac Tech ended during 2009 or 2010.

19. Plaintiff Donald Bateman is a resident and citizen of Midland County, Texas. He was hired by Defendant Frac Tech to perform non-exempt duties as a Service Supervisor during the time period applicable to this lawsuit.

20. Plaintiff Calvin Stoker is a resident and citizen of Longview, Texas. He was hired by Defendant Frac Tech to perform non-exempt duties as a Service Supervisor during the time period applicable to this lawsuit.

21. Plaintiff Joe Eddie Cozart is a resident and citizen of Midland, Texas. He was hired by Defendant Frac Tech to perform non-exempt duties as a Service Supervisor during the time period applicable to this lawsuit.

### ii. FIELD ENGINEER PLAINTIFF(S)

22. Plaintiff Willis Fowler III is a resident and citizen of Gregg County, Texas. He was hired by Defendant Frac Tech in November of 2007 as a Field Engineer and held that position until he was laid off in May of 2009. He was rehired by Defendant Frac Tech in July 2009 as a Field Engineer and held that position until his employment ended in April of 2010.

### iii. OTHER SALARIED-POSITION INDIVIDUAL PLAINTIFFS

23. Plaintiff Steven Truitt is a resident and citizen of Gregg County, Texas. He was promoted by Defendant Frac Tech in April of 2007 to Field Supervisor/Field Supervisor and held that position until his employment with Frac Tech ended in March of 2010 or 2011.

## III.

## FACTUAL ALLEGATIONS

### A. GENERALLY

24. Frac Tech is an oil field service company performing service work on oil and gas wells throughout the United States.

25. Frac Tech placed a large percentage of its work force on what it purports to be a "salary" for a forty (40) hour week. Frac Tech worked these employees an unbelievable number of hours—frequently ninety (90) or more each week. This work also frequently included evenings, holidays, weekends, etc.

26. Plaintiffs were essentially oil field mechanics or laborers or technicians who spent the majority of their working hours performing manual labor on various oil field projects; the vast majority of their time was spent "in the field" or "on site," not in an office.

27. They had no authority to hire and hire any other Frac Tech employee.

28. Plaintiffs received total annual compensation of less than $100,000.00 per year.

29. Management was not the employees' primary duty; nor were the Plaintiffs' suggestions and recommendations as to the hiring, firing, advancement, promotion or other change of status of other employees given particular weight.

30. Plaintiffs were not in charge of any department or subdivision of the company.

31. Defendant defrauded Plaintiffs by informing them they were "exempt" employees. This conduct may be used by Plaintiffs to equitably toll the statute of limitations from running on the claims comprising this lawsuit.

32. Plaintiffs were required in their employment to work during their meal periods

and were placed on call for extended periods of time. During their on-call time, their actions are severely restricted and they were expected to respond immediately at any request of their employer. Again, Plaintiffs were not compensated in any way for this time.

33. Plaintiffs were required to answer frequent communications from the employer and its customers and employees while off duty. Plaintiffs were required to answer questions concerning company business during personal "off time." These inquiries were normally done at all hours of the day and night and are all for the benefit of Defendant, but Defendant refused to recognize this required action as work time, and therefore refused to compensate Plaintiffs for this time.

34. Defendant was notified on previous occasions, and should have known, about its violations of the Fair Labor Standards Act. It took no action to correct the violations, despite demands and notice.

35. Defendant's actions are willful and are taken with knowledge that its acts violated the wage and hour provisions of the Fair Labor Standards Act.

36. The unlawful policy followed by Frac Tech has been in place for a period in excess of three (3) years and was in place at the time that the last Plaintiff herein left Defendant's employment.

## IV.

## CLAIM FOR RELIEF

### (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*)

37. Plaintiffs re-allege and incorporate by reference paragraphs stated above as if they were set forth again herein.

38. At all relevant times, Defendant was, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed "employee[s]," including Plaintiff Service Supervisors, Field Engineers and Field Coordinators ("Plaintiffs"), who were to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

39. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.00.

40. The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

41. Plaintiffs are entitled to compensation for all hours worked.

42. Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

43. No Plaintiff had any agreement of any kind regarding the applicability of the salary paid by Defendant to cover hours in excess of forty (40) hours in any given week.

44. Each Plaintiff herein was the regular recipient of non-discretionary bonus payments.

45. At all relevant times Defendant, pursuant to its policies and practices, failed and refused to compensate Plaintiffs for work performed in excess of 40 hours per week.

46. At all relevant times Defendant, pursuant to its policies and practices, failed and

refused to pay overtime premiums to Plaintiffs for their hours worked in excess of 40 hours per week.

47. At all relevant times Defendant engaged in a willful policy, pattern, or practice of requiring or permitting Plaintiffs to perform work in excess of 40 hours per week.

48. At all relevant times the overtime work performed by Plaintiffs was required or permitted by Defendant, for the benefit of Defendant, and was directly related to such employees' principal employment with Defendant and is an integral and indispensable part of such employees' employment with Defendant.

49. Defendant violated the FLSA by failing to pay Plaintiffs for all hours actually worked and by failing to pay Plaintiffs at least one-and-a-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek.

50. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

51. The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a). These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

52. Plaintiffs are entitled to the burden shifting provisions set out in <u>Anderson v. Mt. Clemens</u> due to the violations of Defendant.

**Page 8 of 10**
**Donald Bateman, et al. v. Frac Tech Services, LLC**
**U.S.D.C. (E.D. Tex.) Case No. 6:11-cv-708**
**First Amended and Substituted Complaint**

53. As a result of Defendant's violations of law, Plaintiffs are entitled to recover from Defendant the amount of their unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), prejudgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## V.

## **DEMAND FOR JURY TRIAL**

54. Plaintiffs demand a trial by jury upon all issues herein.

55. Plaintiffs reserve the right to amend this Complaint as indicated by the law and the facts dictate, and to add other plaintiffs to their case with similar claims.

WHEREFORE, premises considered, Plaintiffs Donald Bateman, Brian Cales, Willis Marion Fowler, III, Calvin Stoker, Steven Truitt, Paul Ward, Jr., and Joe Eddie Cozart pray that Defendant be summoned to appear and answer; further, that the Court enter a declaratory judgment, declaring that Defendant has willfully and wrongfully violated its statutory obligation and deprived Plaintiffs the protections and entitlements provided them under the law, and particularly the Fair Labor Standards Act as alleged herein; that the Court enter a permanent injunction, restraining and preventing Defendant from withholding the compensation that is due each of the Plaintiffs and from further violating their rights under Fair Labor Standards Act and other applicable laws; that the Court order a complete and accurate accounting of all the compensation to which Plaintiffs are entitled; that each Plaintiff be awarded monetary damages in the form of back-pay compensation, liquidated damages equal to their unpaid compensation, plus interest thereupon; that Plaintiffs pray for a jury trial; that Plaintiffs should have their

attorney's fees paid by Defendant as well as their expenses, costs and any disbursements required to bring this cause of action; and any other just and proper relief to which they may be entitled.

Respectfully submitted,

**DONALD BATEMAN, BRIAN CALES, WILLIS MARION FOWLER III, CALVIN STOKER, STEVEN TRUITT, PAUL WARD, JR., and JOE EDDIE COZART, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 400
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By    /s/ Josh Sanford
       Josh Sanford
       Texas. Bar No. 24077858
       josh@sanfordlawfirm.com