UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DONALD BATEMAN, BRIAN CALES, WILLIS MARION FOWLER III, CALVIN STOKER, STEVEN TRUITT, PAUL WARD, JR. AND JOE EDDIE COZART, | § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 6:11-cv-708 |
| vs. | § § § | |
| FRAC TECH SERVICES, LLC. | § § | |
| Defendant. | § § | |

## ANSWER TO PLAINTIFFS' FIRST AMENDED AND SUBSTITUTED COMPLAINT

Defendant, FTS International Services, LLC, incorrectly named as Frac Tech Services, LLC (hereafter "Defendant"), files this answer to the Plaintiffs' First Amended and Substituted Complaint (the "Complaint").

### I. JURISDICTION AND VENUE

1. Defendant neither admits nor denies the allegations contained in Paragraph No. 1 of the Plaintiffs' Complaint as they are jurisdictional in nature and require no factual response. To the extent the Plaintiffs intend Paragraph No. 1 to be an assertion of fact, Defendant denies same.

2. Defendant neither admits nor denies the allegations contained in Paragraph No. 2 of the Plaintiffs' Complaint as it is jurisdictional in nature and requires no factual response. Defendant admits that the Court has subject matter jurisdiction over this action.

3. Defendants admit that some of the Plaintiffs named in the Plaintiffs' Complaint worked in the Defendant's Longview location, but denies that all individuals named as Plaintiffs in the Complaint worked from this location.

4. Defendant admits that the venue of this action properly lies in this Court.

5. Defendant neither admits nor denies the allegations contained in Paragraph No. 5 of the Plaintiffs' Complaint as it appears to be jurisdictional in nature and requires no factual response. Defendant, however, admits that it is subject to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 2001 et seq.

6. The Defendant denies the allegations contained in Paragraph No. 6 of the Plaintiffs' Complaint, other than to admit that the case cited by Plaintiffs therein was a case based upon the Fair Labor Standards Act which alleged misclassification of employees.

## II. THE PARTIES

### A. DEFENDANT

7. Defendant admits that it is a limited liability company and that FTS International Services, LLC, f/k/a Frac Tech Services, LLC, is a successor in interest to the entity that employed the Plaintiffs named in this lawsuit.

8. Defendant admits the allegations contained in Paragraph No. 8 of the Plaintiffs' Complaint.

9. Defendant admits the allegations contained in Paragraph No. 9 of the Plaintiffs' Complaint.

10. Defendant is the successor in interest to Frac Tech Services, Ltd., which employed the Plaintiffs prior to Defendant succeeding Frac Tech Services, Ltd.

11. Defendant is the successor in interest to Frac Tech Services, Ltd., which employed the Plaintiffs prior to Defendant succeeding Frac Tech Services, Ltd.

### B. PLAINTIFFS

12. Defendant denies the allegations contained in Paragraph No. 12 of the Plaintiffs' Complaint as to Plaintiff Paul Ward. Defendant admits the allegations contained in Paragraph No. 12 as to the remaining Plaintiffs.

13. Defendant admits that, at times during their employment with Defendant, each Plaintiff was classified as a salaried employee, but denies that such classification was improper.

14. Defendant admits that during the time Plaintiffs were classified as salaried exempt, they may have worked in excess of 40 hours per week, but denies the remainder of the allegations contained in Paragraph No. 14 of the Plaintiffs' Complaint.

15. Defendant denies the allegations contained in Paragraph No. 15 of the Plaintiffs' Complaint.

16. Defendant denies the allegations contained in Paragraph No. 16 of the Plaintiffs' Complaint.

i. <u>Service Supervisor Plaintiffs</u>

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations of the residence and citizenship of Brian Cales. Defendant admits that Plaintiff Brian Cales was employed by Defendant as a Service Supervisor, but denies the remainder of the allegations contained in Paragraph No. 17 of the Plaintiffs' Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations of the residence and citizenship of Paul Ward. Defendant admits that Plaintiff Paul Ward was employed by Defendant as a Service Supervisor, but denies the remainder of the allegations contained in Paragraph No. 18 of the Plaintiffs' Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations of the residence and citizenship of Donald Bateman. Defendant admits that Plaintiff Donald Bateman was employed by Defendant as a Service Supervisor during the time period applicable to this lawsuit, but denies the remainder of the allegations contained in Paragraph No. 19 of the Plaintiffs' Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations of the residence and citizenship of Calvin Stoker. Defendant admits that Plaintiff Calvin Stoker was employed by Defendant as a Service Supervisor during the time period applicable to this lawsuit, but denies the remainder of the allegations contained in Paragraph No. 20 of the Plaintiffs' Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations of the residence and citizenship of Joe Eddie Cozart. Defendant admits that Plaintiff Joe Eddie Cozart was employed by Defendant as a Service Supervisor during the time period applicable to this lawsuit, but denies the remainder of the allegations contained in Paragraph No. 21 of the Plaintiffs' Complaint.

    ii.    <u>Field Engineer Plaintiffs</u>

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations of the residence and citizenship of Willis Fowler III.

Defendant admits that Plaintiff Willis Fowler III was hired by Defendant Frac Tech in November of 2007, laid off in May of 2009, re-hired in July of 2009, and that his employment ended in April of 2010. Defendant denies the remainder of the allegations contained in Paragraph No. 22 of the Plaintiffs' Complaint.

### iii. Other Salaried-Position Individual Plaintiffs

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations of the residence and citizenship of Steven Truitt. Defendant admits that Plaintiff Steven Truitt was employed by Defendant as a Field Coordinator, but denies the remainder of the allegations contained in Paragraph No. 23 of the Plaintiffs' Complaint.

## III. FACTUAL ALLEGATIONS

### A. GENERALLY

24. Defendant admits the allegations contained in Paragraph No. 24 of the Plaintiffs' Complaint.

25. Defendant denies the allegations contained in Paragraph No. 26 of the Plaintiffs' Complaint.

26. Defendant denies the allegations contained in Paragraph No. 26 of the Plaintiffs' Complaint.

27. Defendant denies the allegations contained in Paragraph No. 27 of the Plaintiffs' Complaint.

28. Defendant denies the allegations contained in Paragraph No. 28 of the Plaintiffs' Complaint.

29. Defendant denies the allegations contained in Paragraph No. 29 of the Plaintiffs' Complaint.

30. Defendant denies the allegations contained in Paragraph No. 30 of the Plaintiffs' Complaint.

31. Defendant denies the allegations contained in Paragraph No. 31 of the Plaintiffs' Complaint.

32. Defendant denies the allegations contained in Paragraph No. 32 of the Plaintiffs' Complaint.

33. Defendant denies the allegations contained in Paragraph No. 33 of the Plaintiffs' Complaint.

34. Defendant denies the allegations contained in Paragraph No. 34 of the Plaintiffs' Complaint.

35. Defendant denies the allegations contained in Paragraph No. 35 of the Plaintiffs' Complaint.

36. Defendant denies the allegations contained in Paragraph No. 36 of the Plaintiffs' Complaint.

## IV. CLAIM FOR RELIEF

**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**

37. Defendant incorporates by reference all averments and responses set forth in Paragraph Nos. 1-36 in response to Paragraph No. 37.

38. Defendant admits the allegations contained in Paragraph No. 38 of the Plaintiffs' Complaint.

39. Defendant admits the allegations contained in Paragraph No. 39 of the Plaintiffs' Complaint.

40. Defendant neither admits nor denies the allegations contained in Paragraph No. 40 of the Plaintiffs' Complaint as it is statement of law and requires no factual response.

41. Defendant denies the allegations contained in Paragraph No. 41 as stated in the Plaintiffs' Complaint. Plaintiffs were appropriately paid a salary for all hours worked.

42. Defendant denies the allegations contained in Paragraph No. 42 of the Plaintiffs' Complaint.

43. Defendant denies the allegations contained in Paragraph No. 43 of the Plaintiffs' Complaint.

44. Defendant denies the allegations contained in Paragraph No. 44 of the Plaintiffs' Complaint.

45. Defendant denies the allegations contained in Paragraph No. 45 of the Plaintiffs' Complaint as written, and asserts that all Plaintiffs were paid appropriately pursuant to their exempt status under the Fair Labor Standards Act.

46. Defendant denies the allegations contained in Paragraph No. 46 of the Plaintiffs' Complaint as written, and asserts that the Plaintiffs were appropriately paid for all hours worked under the provisions of the Fair Labor Standards Act.

47. Defendant denies the allegations contained in Paragraph No. 47 of the Plaintiffs' Complaint.

48. Defendant admits that Plaintiffs may have worked in excess of 40 hours per week and that such work was related to the employees' principal employment, but denies the remaining allegations contained in Paragraph No. 48 of the Plaintiffs' Complaint.

49. Defendant denies the allegations contained in Paragraph No. 49 of the Plaintiffs' Complaint.

50. Defendant denies the allegations contained in Paragraph No. 50 of the Plaintiffs' Complaint.

51. Defendant denies the allegations contained in Paragraph No. 51 of the Plaintiffs' Complaint as written, and asserts that it appropriately compensated the Plaintiffs for all hours worked and denies any violations of the Fair Labor Standards Act as asserted by the Plaintiffs.

52. Defendant denies any alleged violations as asserted by the Plaintiffs in Paragraph No. 52 of the Plaintiffs' Complaint, but does not admit or deny any other allegations contained in Paragraph No. 52 of the Plaintiffs' Complaint as it amounts to a statement of law.

53. Defendant denies the allegations contained in Paragraph No. 53 of the Plaintiffs' Complaint.

## V. DEMAND FOR JURY TRIAL

54. Defendant incorporates by reference all averments and responses set forth in Paragraph Nos. 1-53 in response to Paragraph No. 54.

55. Defendant neither admits nor denies the allegations contained in Paragraph No. 55 of the Plaintiffs' Complaint as there are no factual allegations contained therein.

56. Defendant denies that the Plaintiffs are entitled to any of the relief sought in the paragraph beginning with "Wherefore", and denies any factual allegations asserted therein.

## VI.  AFFIRMATIVE DEFENSES

1. Defendants assert that the Plaintiffs were appropriately classified as exempt, administrative, executive or professional employees under the Fair Labor Standards Act and are therefore not entitled to overtime compensation.

2. For further answer herein, if necessary, Defendant affirmatively asserts that at all times material to this Complaint, Defendant has acted in good faith and upon reasonable reliance upon the provisions of the Fair Labor Standards Act, interpretive case law of that act, and opinion letters of the Department of Labor.

3. For further answer herein, if necessary, Defendant affirmatively asserts that Plaintiffs have been fully and appropriately paid for all working time.

4. For further answer herein, if necessary, Defendant affirmatively asserts that the Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

5. For further answer herein, if necessary, Defendant affirmatively asserts that the Plaintiffs did not work in excess of 40 hours per week during some of the work weeks relevant to this lawsuit.

6. For further answer herein, if necessary, Defendant claims any right of offset or recoupment of claimed damages to the extent payment has already been made to the Plaintiffs or to the extent any of the Plaintiffs have been overpaid.

7. For further answer herein, if necessary, Defendant affirmatively asserts that the Plaintiffs' pay was in compliance with the overtime requirements of the Fair Labor Standards Act.  Alternatively, to the extent of such time for which Plaintiffs were allegedly not compensated, such claims are *de minimus*, and are not compensable under the FLSA.

8. For further answer herein, if necessary, Plaintiffs were exempt employees and not entitled to overtime under all applicable regulations and provisions of the Fair Labor Standards Act, including, without limitation, 29 U.S.C. § 213(a)(1).

9. Defendant reserves the right to amend its answer, to raise additional defenses or pursue any other available counterclaims against Plaintiffs upon close of discovery or in compliance with the Court's scheduling order.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that upon trial or other appropriate hearing, the Court dismiss Plaintiffs' claims with prejudice, issues an order finding in the Defendant's favor and awarding the Defendant its costs of court or any other fees to which it may justly be entitled.

Respectfully submitted,

JACKSON LEWIS LLP
3811 Turtle Creek Boulevard, Suite 500
Dallas, Texas 75219-4497
PH: (214) 520-2400
FX: (214) 520-2008


By: /s/ Paul E. Hash
　　　Paul E. Hash, Esq.
　　　State Bar of Texas No. 09198020


**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

        I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, on March 13, 2012, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

        Josh Sanford
        Sanford Law Firm, PLLC
        One Financial Center
        650 Shackleford Road, Suite 400
        Little Rock, Arkansas 72211

        /s/ Paul E. Hash
        ONE OF COUNSEL